■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS MONTALVO, Appellant. [599 NYS2d 44] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered October 3, 1990, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant and two unidentified accomplices robbed the complainant at knife point at the Morgan Avenue subway station in Brooklyn on September 20, 1989. The incident was witnessed by a token booth clerk on duty at the subway station. Two days later, on September 22, 1989, the defendant and two men were arrested as a result of an altercation with an undercover police officer at the same subway station. The defendant was then placed in a lineup in which he was identified by the clerk as the assailant in the September 20, 1989 incident.

The hearing court suppressed the clerk's lineup identification of the defendant on the ground that the police lacked probable cause to arrest him on September 22, 1989. However, the hearing court determined that the clerk would be permitted to make an in-court identification of the defendant if she possessed an independent source for her identification. During the subsequent independent source hearing, the clerk testified that she observed the defendant for at least 45 minutes prior to and during the incident from the token booth a few feet away. At the conclusion of testimony, the hearing court ruled that the clerk possessed an independent source from which she would be permitted to make an in-court identification of the defendant.

The defendant's argument that the hearing court erred in refusing to permit him to question the clerk at the independent source hearing regarding the lineup procedure is without merit. The issue addressed at the initial *Wade/Dunaway* hearing was whether the lineup identification should be suppressed as the fruit of an illegal arrest. In fact, no evidence was elicited at the initial hearing as to the lineup procedure, nor does the hearing record indicate that the defendant raised the issue of suggestiveness as an alternative ground for suppression of the lineup identification. Under these circumstances, the hearing court properly held that inquiry into the lineup procedure would not be permitted at the independent source hearing *(see generally, United States v Crews,* 445 US 463).

The defendant's remaining contentions are unpreserved for appellate review or without merit. Sullivan, J. P., Eiber, O'Brien and Pizzuto, JJ., concur.